**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50011 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01278-BTM-3 |
| v. | |
| ABIGAIL GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted April 6, 2015[**]
Pasadena, California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

Appellant Abigail Gonzalez appeals her conviction and the district court's

denial of her motion for a new trial. We have jurisdiction pursuant to 28 U.S.C.

§ 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, Appellant did not renew her motion to sever at any time during her trial. As such, Appellant failed to pursue the motion diligently and waived the issue for appellate review. *United States v. Sullivan*, 522 F.3d 967, 981 (9th Cir. 2008) (per curiam). Even assuming the motion was not waived, the severance argument fails on the merits. The district court did not abuse its discretion in finding that co-defendant Green's testimony and related evidence was likely to be introduced even if Appellant was tried separately. The evidence was relevant to a substantive count against Appellant and did not result in improper spillover or unfair prejudice.

Second, the district court did not abuse its discretion in excluding evidence of Appellant's abusive childhood and other details of her personal history under Federal Rules of Evidence 401 and 403. This evidence is highly prejudicial and has very little, if any, relevance or probative value absent some expert testimony connecting the past abuse Appellant suffered to her mental state at the time of the crime. Appellant proffered no such expert testimony. Given the "scant" probative value of the evidence, the district court properly determined that the danger of unfair prejudice substantially outweighed the probative value of the evidence in this case. *United States v. Haischer*, No. 13-10392, slip op. at 8 (9th Cir. Mar. 25, 2015). Moreover, even assuming the district court did err in excluding this

evidence, any error was harmless. *United States v. Edwards*, 235 F.3d 1173, 1178–79 (9th Cir. 2000) (per curiam). Exclusion of this evidence did not limit Appellant's ability to present her *mens rea* defense, and she has not demonstrated that such evidence was more likely than not to have affected the verdict.

Finally, the district court did not err in denying Appellant's motion for judgment of acquittal for mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and conspiracy to launder monetary instruments. The evidence presented at trial was sufficient to support the jury's finding that Appellant acted with knowledge and was not an unwitting participant. *See United States v. Rizk*, 660 F.3d 1125, 1134–35 (9th Cir. 2011). Similarly, the district court did not abuse its discretion in finding that the evidence at trial did not weigh heavily against the verdict and in denying Appellant's motion for a new trial.

**AFFIRMED**.